IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-98-TAV-HBG |
| | ) | |
| NATHANIEL MARTINEZ LOPEZ, and | ) | |
| JENNELLE SALCEDO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties case came before the Court for a motion hearing on Defendant Jennelle Salcedo's Motion to Continue Trial, Pretrial Conference, and All Deadlines [Doc. 19], filed on September 11, 2019. Assistant United States Attorney Alan Scott Kirk participated on behalf of the Government. Assistant Federal Defender Bobby E. Hutson, Jr., represented Defendant Nathaniel Lopez, who was also present. Attorney Christopher Rodgers represented Defendant Salcedo, whose attendance was excused.[1]

Defendant Salcedo moves the Court to continue the October 22, 2019 trial date and the schedule in this case to give counsel more time to review the discovery. Additionally, the Defendant notes that defense counsel is scheduled to begin a lengthy criminal trial before District

---

[1] Defendant Salcedo filed a Petition for Waiver of Appearance [Doc. 20] on the morning of the hearing. This request [**Doc. 20**] to be excused from the motion hearing is **GRANTED**.

Judge Varlan on October 1, and this trial may extend into the new year.  The motion relates that Defendant Salcedo is waiving any speedy trial issues associated with her requested continuance.

At the motion hearing, Mr. Rodgers confirmed that Defendant Salcedo is waiving her speedy trial rights with respect to her motion.  Mr. Hutson moved to adopt the motion to continue on behalf of Defendant Lopez.  Mr. Hutson said that he has discussed Defendant Lopez's speedy trial rights with him and that the Defendant understands that all time until the new trial date is excludable.  Mr. Hutson requested a four-week extension of the motion deadline to October 16, 2019.  AUSA Kirk stated that the Government did not oppose the requested continuance of the trial and schedule.  The parties agreed on a new trial date of February 11, 2020.

The Court finds the Defendants' joint motion to continue the trial to be unopposed and well taken.  It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The Court finds that continuing the trial for three and one-half months is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation."  18 U.S.C. § 3161(h)(7)(B)(iv).  Counsel for Defendant Salcedo needs additional time to review the discovery and to complete his investigation of the case.  Counsel for Defendant Lopez needs an additional month to consider filing pretrial motions.  The Court set a new motion deadline of October 16, 2019.  If any pretrial motions are filed, the parties will also need time to litigate those motions, which cannot occur before the October 22 trial date.

Additionally, the Court observes that counsel for Defendant Salcedo is presently scheduled to begin a months-long criminal trial on October 1, 2019.  The Court finds that without a continuance in this case, Defendant Salcedo would be deprived of the continuity of counsel, due

to Mr. Rodger's representation of another client in a federal criminal trial. *See* 18 U.S.C. § 3161(h)(7)(iv). Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the unopposed, joint motion to continue the trial [**Doc. 19**] is **GRANTED**, and the trial of this matter is reset to **February 11, 2020**. The Court finds that all the time between the filing of Defendant Salcedo's motions on September 11, 2019, and the new trial date of February 11, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **October 16, 2019**. Responses to motions are due on or before **October 30, 2019**. If any motions requiring a hearing are filed, the Court will set a motion hearing at that time. The undersigned will hold a final pretrial conference on **January 28, 2020, at 11:00 a.m**. This date will also be the new deadline for concluding plea negotiations, providing reciprocal discovery, and filing motions *in limine*. Special requests for jury instructions shall be submitted to the District Judge no later than **January 31, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Salcedo's Petition for Waiver of Appearance [**Doc. 20**], asking to be excused from the September 16, 2019 motion hearing is **GRANTED**;

(2) Defendant Salcedo's Motion to Continue Trial, Pretrial Conference, and All Deadlines [**Doc. 19**] is **GRANTED**. Defendant Lopez's oral motion to adopt this motion is also **GRANTED**;

(3) The trial of this case is reset to commence on **February 11, 2020, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

3

(4) All time between the filing of Defendant Salcedo's motion on **September 11, 2019**, and the new trial date of **February 11, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing pretrial motions is extended to **October 16, 2019**;

(6) Responses to motions are due on or before **October 30, 2019**;

(7) The deadline for filing plea agreements in the record, providing reciprocal discovery, and filing motions *in limine* is **January 28, 2020**;

(8) The Court will hold a final pretrial conference on **January 28, 2020, at 11:00 a.m.**; and

(9) Special requests for jury instructions shall be submitted to the District Judge no later than **January 31, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge