IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>               Plaintiff,  )<br>  )<br>               v.  )<br>  )<br>NATHANIEL MARTINEZ LOPEZ, and  )<br>JENNELLE SALCEDO,  )<br>  )<br>               Defendants.  ) | No. 3:19-CR-98-TAV-HBG |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties case came before the Court for a motion hearing on Defendant Nathaniel Martin Lopez's Motion to Continue Trial [Doc. 25], filed on October 22, 2019. Assistant United States Attorney Alan Scott Kirk participated on behalf of the Government. Assistant Federal Defender Bobby E. Hutson, Jr., represented Defendant Nathaniel Lopez, who was also present. Attorney Christopher Rodgers represented Defendant Salcedo, whose attendance was excused upon counsel's oral request at the hearing.

Defendant Lopez moves the Court to continue the February 11, 2020 trial date in this case to provide time to litigate the Defendants' joint suppression motion [Doc. 24]. The motion states that the hearing on this motion is set for January 28, 2020.[1] Defendant Lopez states that defense

---

[1] The undersigned notes that the motion hearing was set for January 28, 2020, at 9:30 a.m., two weeks before the trial date, due to counsel for Defendant Salcedo's involvement in a lengthy criminal trial, which began on October 21, 2019, and is projected to last into January 2020.

counsel needs additional time to investigate the facts and advise him of the best resolution of this case. The motion relates that Defendant Lopez understands that all time between the filing of his motion and the new trial date will be excludable under the Speedy Trial Act. The motion also states that the Government does not oppose the requested continuance.

At the motion hearing, Mr. Hudson asked the Court to continue the trial to mid-May 2020. He said that he has discussed the need for a continuance with Defendant Lopez, who understands he will remain in custody until the new trial date. He agreed that Defendant Lopez is waiving his speedy trial rights with regard to the motion. Mr. Rodgers said that Defendant Salcedo adopts the Motion to Continue. He said that Defendant Salcedo also waives her speedy trial rights in relation to the motion. AUSA Kirk confirmed that the Government does not oppose the motion. The parties agreed on a new trial date of May 12, 2020.

The Court finds Defendant Salcedo has joined in Defendant Lopez's motion to continue. It also finds the Defendants' joint motion to continue the trial to be unopposed and well taken and that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that continuing the trial for three months is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). The Defendants have filed a Joint Motion to Suppress. *See* 18 U.S.C. § 3161(h)(1)(D). Counsel for Defendant Salcedo is involved in a lengthy criminal trial and is not available to litigate the suppression motion until late January 2020. The Court finds that without a continuance in this case, Defendant Salcedo would be deprived of the continuity of counsel, due to Mr. Rodger's representation of another client in a federal criminal trial. *See* 18 U.S.C. § 3161(h)(7)(iv). Additionally, the parties need time to litigate

the suppression motion. *See* 18 U.S.C. § 3161(h)(1)(H). Finally, counsel for Defendant Lopez has requested additional time to advise his client of the best resolution of this case, presumably in light of the ruling on the suppression motion. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the unopposed, joint motion to continue the trial [**Doc. 25**] is **GRANTED**, and the trial of this matter is reset to **May 12, 2020**. The Court finds that all the time between the filing of the motion to continue on October 22, 2019, and the new trial date of May 12, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, the Court the parties are to appear before the undersigned for an evidentiary hearing and suppression motion on **January 28, 2020, at 9:30 a.m**. The Court set a final pretrial conference on **April 23, 2020, at 11:00 a.m.** This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. All motions *in limine* are due on or before **April 27, 2020.** Requests for special jury instructions shall be filed no later than **May 1, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Salcedo's oral motion to be excused from the November 25, 2019 motion hearing is **GRANTED**;

(2) The Defendant Lopez's Motion to Continue Trial [**Doc. 25**] is **GRANTED**. Defendant Salcedo's oral request to join in this motion is also **GRANTED**;

(3) The trial of this case is reset to commence on **May 12, 2020**, at **9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) All time between the filing of the Motion to Continue Trial on **October 22, 2019**, and the new trial date of **May 12, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The parties are to appear before the undersigned for an evidentiary and suppression hearing on **January 28, 2020, at 9:30 a.m.**;

(6) The Court will hold a final pretrial conference on **April 23, 2020, at 11:00 a.m.** This date is also the new deadline for filing a plea agreement in the record and providing reciprocal discovery;

(7) Motions *in limine* are due on or before **April 27, 2020;** and

(8) The parties must file requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4, by **May 1, 2020**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge