IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-98-TAV-HBG |
| | ) | |
| NATHANAEL M. LOPEZ and | ) | |
| JENNELLE SALCEDO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

The parties appeared before the Court via telephone on July 20, 2020 for a scheduled pretrial conference. Assistant United States Attorney Alan Kirk appeared on behalf of the Government, while Assistant Federal Defender Bobby Hutson appeared on behalf of Defendant Lopez and Attorney Christopher Rodgers appeared on behalf of Defendant Salcedo.

During the pretrial conference, Assistant Federal Defender Hutson made an oral motion to continue the August 4, 2020 trial date to allow the Court ample time to rule on the pending Joint Motion to Suppress All Evidence and Statements [Doc. 24]. Assistant Federal Defender Hutson related that Defendant Lopez was waiving his speedy trial rights with respect to the pending motion. Attorney Rodgers stated that Defendant Salcedo wished to join the motion and was also waiving her speedy trial rights. Assistant United States Attorney Kirk stated that the Government did not oppose the motion. The parties then agreed on a new trial date of October 27, 2020.

The Court finds Defendant Lopez's oral motion to continue the trial to be unopposed and well-taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court previously held a suppression hearing on the pending motion to suppress on February 19, 2020 [Doc. 33], which was followed by extensive post-hearing briefing. Defendants filed a joint post-hearing brief on April 7, 2020 [Doc. 41], the Government filed a post-hearing brief on April 17, 2020 [Doc. 42], the Government filed a supplement on May 5, 2020 [Doc. 43], and Defendants filed a joint response to the Government's supplemental brief on May 11, 2020 [Doc. 44]. Therefore, the undersigned required additional time to prepare a report and recommendation, and the District Judge will need time to rule on the motion after any objections and responses are filed. *See* 18 U.S.C. § 3142(h)(1)(H). Therefore, additional time is necessary to resolve pretrial matters and properly prepare for trial. The Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, Defendant Lopez's oral motion to continue is **GRANTED**, and the trial of this matter is reset to **October 27, 2020**. The Court finds that all the time between the pretrial conference on July 20, 2020, and the new trial date of October 27, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the parties are to appear before the undersigned for a final pretrial conference on **October 13, 2020, at 11:30 a.m.** This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must also be filed no later than **October 12,**

**2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **October 16, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Lopez's oral motion to continue the trial date is **GRANTED**;

(2) The trial of this case is reset to commence on **October 27, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the pretrial conference on **July 20, 2020** and the new trial date of **October 27, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court will hold a final pretrial conference on **October 13, 2020, at 11:30 a.m.** This is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(5) All motions *in limine* must also be filed no later than **October 12, 2020**;

(6) Special requests for jury instructions shall be submitted to the District Judge no later than **October 16, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge